UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CHRISTOPHER VELASQUEZ

        Petitioner,

      - vs -

UNITED STATES OF AMERICA

        Respondent.
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 27, 2014

10 Cr. 0725, 12 Civ. 8749 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Christopher Velasquez brings this petition under 28 U.S.C. § 2255 to vacate, set aside, or modify his sentence, asserting that his counsel was ineffective for failing to contest his indictment as untimely under 18 U.S.C. § 3161(b). Velasquez argues that his indictment occurred more than 30 days after his arrest, in violation of the Speedy Trial Act ("the Act"). The Government responds that (1) there was no violation of the Act: the Government sought timely continuances so that Velasquez was timely indicted; and (2) even if the Government did violate the Act, Velasquez's attorney's alleged error did not prejudice the proceeding against him. For the reasons that follow, Petitioner's motion is denied.

Velasquez was charged with conspiracy to commit wire fraud and wire fraud in connection with a fraudulent home mortgage scheme. Velasquez was arrested on April 15, 2010, and made an initial appearance before Magistrate Judge Ellis on that day. At this presentment, Velasquez waived his right to a preliminary hearing within 30 days of his initial appearance. The 30th day after Velasquez's arrest and presentment was a Saturday: May 15, 2010. On May 17, 2010 — the Monday following the 30th day after Velasquez's initial appearance — upon receiving consent from both parties, Magistrate Judge Francis ordered a continuance of the time

1

which the Government could file its indictment. Velasquez consented to further 30 day continuances on June 16, 2010 (Magistrate Judge Maas), and July 16, 2010 (Magistrate Judge Pitman). Velasquez was indicted by a grand jury on August 16, 2010: 10 Cr. 725 (PAC). Based on these docket entries, the Court determines that there was no violation of the Speedy Trial Act.

Velasquez pleaded guilty, pursuant to a Plea Agreement dated, April 7, 2011. The plea agreement calculated an offense level of 20, and a criminal history category of four, resulting in a guideline range of 51 to 63 months of imprisonment. In that agreement, Velazquez waived his right to appeal or bring a collateral attack on a sentence within or below the guideline range. (Court Exh. 1.) On November 17, 2011, the Court imposed a sentence of 33 months, which was well below the guideline range stipulated in the plea agreement.

Velasquez's guilty plea bars him from arguing that his right to a speedy trial was violated. *See Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989). Velasquez may, however, use this alleged violation as the basis for a claim of ineffective assistance of counsel. *See Parisi v. United States*, 529 F.3d 134, 139 (2d Cir. 2008).

The two-part test for an ineffective assistance of counsel claim is whether: (i) counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," and (ii) defendant was prejudiced by counsel's inadequate representation. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984). Proving inadequate representation requires petitioner to overcome a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Id.* at 689. Proving prejudice requires petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Velasquez's claim fails both parts of the *Strickland* test. Velasquez's attorney's conduct cannot fall below an objective level of reasonableness because there was not a clear violation of

the Speedy Trial Act for counsel to contest. The Act requires the Government to file an indictment against a criminal defendant within thirty days of that individual's arrest. 18 U.S.C. § 3161(b). The 30-day period may be extended with time excluded if the court grants a continuance. 18 U.S.C. § 3161(h)(7)(A).

Though the Government filed for a continuance two days after the 30-day limit, this delay was excused by the fact that the 30th day fell on a weekend. Federal Rule of Criminal Procedure 45(a) applies to computation of time limitations in statutes. [1] *See, e.g., Romano v. Luther*, 816 F.2d 832, 835 n.3 (2d Cir. 1987). Specifically, courts apply Rule 45(a) to interpret the Speedy Trial Act's time requirements. *See United States v. Avendano*, No. 02 Cr. 1059, 2005 WL 1265860, at *1, n.2 (S.D.N.Y. May 26, 2005) (citing *United States v. Melendez-Carrion*, 790 F.2d 984, 991 (2d Cir. 1986). As applied to the Speedy Trial Act, Rule 45(a) dictates that when the last day of the Act's 30-day limit falls on a weekend, the Government has until the next weekday to bring an indictment or otherwise file for a continuance. *See id*; *see also* Fed. R. Crim. P. 45(a)(1)(C). The Government's continuance was granted the Monday (May 17, 2010) following the Saturday (May 15, 2010) that marked the 30th day after Velasquez's initial appearance; hence, the Government met the requirements of the Act. Velasquez's attorney could not have brought a meritorious Speedy Trial Act claim because none existed.

Velasquez asserts that Rule 45(a) does not apply to the Speedy Trial Act's time requirements. Velasquez is mistaken.[2] But even if Rule 45(a) did not apply to the Act,

---

[1] In 2009, Rule 45 was amended to explicitly apply to statutes. *See* Fed. R. Crim. P. 45 advisory committee's notes ("Subdivision (a) governs the computation of any time period found in a statute . . . .").

[2] The Supreme Court's decision in *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011), does not change this conclusion. The Court in *Tinklenberg* declined to apply the pre-2009 version of Rule 45(a) to the Speedy Trial Act, because that version only applied to "rules and court orders." *Tinklenberg*, 131 S. Ct. at 2009. Instead the Court applied the common law rule. *Id*. Under the common law rule, weekends are included in computing 10-day time limitations. *Id*. In this case, which concerns what claim could have been brought under the Act in 2010, the 2009-amended version of the Rule applies. The 2009-amended version explicitly states that Rule 45(a) applies to statutes. Furthermore, *Tinklenberg's* holding is confined to interpreting the Act's permitted 10-day delay resulting from transportation of a defendant from another district under § 3161(h)(1)(F), not the longer 30-day time limitation regarding the timing of indictments under § 3161(b) at issue here.

Velasquez's ineffective assistance claim still fails. In light of the precedent that many courts have applied, and the Government's compliance with the Act as interpreted by Rule 45, Velasquez's attorney's decision not to bring a claim under the Act was reasonable. Petitioner has not demonstrated that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Finally, Velasquez fails to demonstrate any probability that the result of his proceeding would have been different but for his counsel's alleged errors. Had Velasquez's counsel brought a claim under the Act, it would likely have been rejected. Even if the claim did succeed, the Court would then be faced with the decision whether to dismiss the case with or without prejudice. *See* 18 U.S.C. § 3162(a)(1). If the case had been dismissed without prejudice, the statute of limitations on the underlying charges against Velasquez would not have barred the Government from charging him again.[3] While a dismissal with prejudice would have changed his criminal proceeding, Velasquez has not shown why the case would be dismissed with prejudice under the factors of § 3162(a)(1). Two such factors are the seriousness of the offense and the circumstances of the case that led to dismissal. *Id.* The wire fraud conspiracy charged in the Complaint is certainly a serious offense, *see, e.g., United States v. Agugbo*, No. 00 Cr. 94, 2000 WL 666341, at *2 (S.D.N.Y. May 22, 2000), and Velasquez has not shown that the Government's alleged two-day delay in requesting the first continuance, or the timely continuances thereafter, indicate a "pattern of neglect" or "bad faith." *See, e.g., Fairley v. United States*, Nos. 08 Civ. 3823, 06 Cr. 89, 2011 WL 1097537, at *8 (S.D.N.Y. Mar. 22, 2011). Velasquez has also not shown that the continuances were granted without his knowledge, or that he was coerced into consenting to them. To the contrary, Velasquez by his own admission

---

[3] "A five-year statute of limitations generally applies to the filing of a wire fraud indictment . . . 'if the offense affects a financial institution,' then a ten-year statute of limitations applies." *United States v. Bouyea*, 152 F.3d 192, 195 (2d Cir. 1998)(citing 18 U.S.C. § 3282(a) and 18 U.S.C. § 3293(2)). Any dismissal would have occurred well within these time limits.

"agreed to the waiver" (Petition at 5) and a magistrate judge found each continuance to be in the interest of justice. The length of delay in this case did not prejudice Velasquez's defense. *United States v. Taylor*, 487 U.S. 326, 340 (1988) (reasoning that delay is a concern where it results in "prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty").

Petitioner's § 2255 petition is denied. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York

January 27, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Christopher Velasquez
54882-053
FCI Otisville
PO Box 1000
Otisville, NY 10963